REDMAN and others vs. THE ÆTNA INSURANCE COMPANY.

*February 6 — May 11, 1880.*

FIRE INSURANCE: BURDEN OF PROOF. *What facts no part of plaintiff's* prima facie *case.*

Where the complaint in an action upon a fire-insurance policy shows that the policy refers to an application of the assured, and declares it to be thereby "made a part of this policy and a *warranty* on the part of the assured," proof of the terms of such application, and of the existence of the facts therein stated, or of the performance of promissory undertakings therein contained, is no part of the plaintiff's case; but it is for the defendant to allege and prove the non-existence of such facts or a breach of such promissory warranties.

APPEAL from the Circuit Court for *Monroe* County.

Action upon a policy of insurance against fire, issued by the defendant company to the plaintiffs, on machinery, mill-gearing and fixtures in their mill in Prescott.

The complaint is in the usual form of complaints in such cases, and contains the policy in suit and certain printed conditions of insurance indorsed upon it. The policy contains this clause: "Special reference being had to assured's application, No. 164, which is hereby made a part of this policy and a warranty on the part of the assured." The application is not set out in the complaint. The accidental destruction of the insured property by fire, the plaintiffs' ownership thereof, the making of due proof of loss, and the performance of all

conditions in the policy to be performed on the part of the plaintiffs, are alleged. The answer denies knowledge or information by the defendant as to whether, as stated in the complaint, the value of plaintiffs' interest in the insured property was at least $22,000; and whether such property was, as alleged, " accidentally and by misfortune totally consumed, burned and destroyed by fire;" and states, upon information and belief, that " said property at the time of said fire was not worth the said sum of $22,000." These are all the averments in the answer pleaded as a defense only. The residue of the answer consists of a counterclaim, the prayer of which is, that the policy be delivered up and cancelled.

In this counterclaim the defendant denies generally that the plaintiffs have performed all the conditions of the policy, and affirms that the plaintiffs made a written application for the insurance, which they stipulated should be a warranty, "the same as if written on the face of the policy." The pleading then states the answer made by the plaintiffs to certain questions put to them in the application, and negatives the truth of such answers. These are stated in the opinion. It also contains an averment that the insured property "was very insufficient and inadequate for the purpose for which it was being used," and that the plaintiffs concealed the fact from the defendant.

The plaintiffs replied to the counterclaim by a general denial.

On the trial it was admitted that the legal title to the premises upon which the insured property was situated, was in the plaintiffs; that they made due proof of their loss; that the loss was total; and that, if the company is liable, such liability accrued before the commencement of this action.

Plaintiffs offered the policy in evidence; whereupon defendant tendered the application, and asked that it be put in evidence with the policy. The court ruled that the application could not be received at that stage of the trial, and repeated

the ruling when the defendant sought to introduce it in evidence on the cross examination of one of plaintiffs' witnesses. On such cross examination (the witness being one of the plaintiffs), he was asked: "How much insurance did you have upon the mill? What was the amount of the indebtedness of the firm at the time of this fire?" The court sustained objections to both questions.

The court overruled a motion for a nonsuit, and also a motion that the jury be directed to return a verdict for the defendant. The ground of each of these motions was, that the plaintiffs had failed to prove the whole contract and compliance with the conditions thereof. No testimony was introduced on defendant's behalf. The court directed a verdict for the plaintiffs for the amount of the insurance; and defendant appealed from a judgment against it, entered pursuant to the verdict.

For the appellant there was a brief by *J. W. Lusk*, with *Baker & Spooner*, of counsel, and oral argument by *Mr. Lusk*. They contended, 1. That the written application of the assured, being, by the express terms of the policy, made part and parcel of the contract of insurance, should have been introduced in evidence by the plaintiff in connection with the policy, so that both might be read and construed together, and the court thereby enabled, from the *whole* contract, to determine intelligently the rights and duties of the respective parties; and that for the court to pass judgment, based upon one-half the contract, while the other half was purposely held back in its very presence, was error. *Hinman v. Insurance Company*, 36 Wis., 164; *Burritt v. Saratoga Ins. Co.*, 5 Hill, 191; 2 Parsons on Con., 503; *Van Hagen v. Van Rensselaer*, 18 Johns., 422; Wood on Ins., 271; 1 Greenl. Ev., 78, 103, 247; 2 id., 9; *Norton v. Kearney*, 10 Wis., 448; 1 Phillipps' Ev., 385; 3 id., Cowen & Hill's Notes, 1059; 2 id., 225; *Rogers v. Van Hoesen*, 12 Johns., 221. 2. That it was necessary for plaintiffs, before they could recover, to aver and prove com-

434     SUPREME COURT OF WISCONSIN,

pliance on their part with all conditions precedent contained in the contract of insurance. 2 Phillips on Ins., 653; Wood on Ins., 867; May on Ins., §§ 183, 184, 586; 2 Greenl. Ev., §§ 404, 406; *Cooper v. Farmers' Ins. Co.*, 50 Pa. St., 299; *McLoon v. Ins. Co.*, 100 Mass., 472; *Bobbitt v. Ins. Co.*, 8 Am., 497. 3. That the statements of the assured in the 'nature of promissory warranties, contained in their written application for insurance, were conditions of this character. Counsel supported this view by an extended review of the following authorities: Angell on Ins., §§ 142, 145; 2 Marshall on Ins., 681, 713, 714; *Craig v. Ins. Co.*, 1 Pet. C. C., 416; *Bobbitt v. Ins. Co.*, 66 N. C., 70; *Wilson v. Ins. Co.*, 4 R. I., 171; *Campbell v. Ins. Co.*, 98 Mass., 389; *Blumer v. Ins. Co.*, 45 Wis., 622; Gould on Pl., ch. IV, §§ 13, 19; 1 Chitty on Pl., 289, 296, 321; May on Ins., 723.

For the respondents there was a brief by *J. S. White*, with *Vilas & Bryant*, of counsel, and oral argument by *Wm. F. Vilas*. They contended that the agreements or warranties contained in the written application of the assured were in no sense conditions precedent, but were exceptions or qualifications of the liability of the insurer growing out of independent covenants; and that they were in the nature of conditions subsequent, or provisos, which it was for the insurer to show a breach of in order to escape liability. The application, although made by the terms of the policy a part of the contract of insurance, did not thereby become a portion of the paper instrument on which plaintiffs sued. It was still a separate document, and, though furnishing, possibly, a foundation for defense, was certainly no part of plaintiffs' cause of action, and they could not be compelled to put it into their case. *Troy Fire Ins. Co. v. Carpenter*, 4 Wis., 20; *Wright v. Hartford Ins. Co.*, 36 id., 522; *Ins. Co. v. Folsom*, 18 Wall., 237; *Cassacia v. Phœnix Ins. Co.*, 28 Cal., 628; *Lounsbury v. Protection Ins. Co.*, 8 Conn., 459; *Mut. Benefit Life Ins. Co. v. Cannon*, 48 Ind., 264; *Commonwealth Ins.*

*Co. v. Moninger*, 18 Ind., 351; *Forbes v. Am. Mutual Life Ins. Co.*, 15 Gray, 249; *Flynn v. Merchants' Mut. Ins. Co.*, 17 La. An., 135; *Clark v. Hamilton M. Ins. Co.*, 9 Gray, 148; *Jones Manuf'g Co. v. Ins. Co.*, 8 Cush., 82; *Swick v. Home Life Ins. Co.*, 2 Dill. C. C., 160; *Fuller v. Madison Mut. Ins. Co.*, 36 Wis., 603. They further argued that the allegation in the complaint of due performance was sufficient without proof, unless that fact were controverted; that the answer proper contained no denial of this allegation; and the facts alleged, by way of *counterclaim*, to show a breach, could not be made to serve a purpose so different. *Robbins v. Lincoln*, 12 Wis., 1; *Hawkes v. Ins. Co.*, 11 id., 191; 19 id., 331; 43 id., 601; *Union Ins. Co. v. McGookey* (Ohio), 8 Cent. L. J., No. 5, p. 99.

The following opinion was filed February 24, 1880:

Lyon, J. Unless the plaintiffs were bound in the first instance to produce their application for the insurance, and prove the truth of the statements therein contained, the circuit court properly directed a verdict for them. If they were not bound to do so, it is not claimed that they were not entitled to recover. The controlling question to be determined on this appeal is, therefore, Was the burden upon the plaintiffs to show the truth of the statements in the application and a compliance by them with its stipulations, or upon the defendant company to prove breaches of some of those stipulations?

The argument of the learned counsel for the defendant, if we understand it correctly, is that, the action being upon a contract, the whole contract must be pleaded and proved by the plaintiffs; and, inasmuch as the complaint shows that there was an application for the insurance by the plaintiffs, containing statements and stipulations expressly made a part of the insurance contract, the plaintiffs should have pleaded, or at least should have proved, such application, and should have shown that the statements of fact therein contained were true,

and that they had complied with all of its stipulations.    We do not understand that the established rules of pleading require the plaintiff, in every action upon contract, to aver and prove the whole contract.    Chitty, in his treatise on pleadings, says:    "It is also a general rule of pleading, that matter which should come more properly from the other side need not be stated.    In other words, it is enough for each party to make out his own case or defense.    He sufficiently substantiates the charge or answer, for the purpose of pleading, if his pleading establish a *prima facie* charge or answer.    He is not bound to anticipate, and therefore is not compelled to notice and remove, in his declaration or plea, every possible exception, answer or objection which may exist, and with which the adversary may intend to oppose him."    Vol. 1, p. 225.

"If the plaintiff allege a *condition subsequent* to his estate, he need not aver performance, but the breach must be shown by the defendant, and matter in defeasance of the action need not be stated; and wherever there is a circumstance the omission of which is to defeat the plaintiff's right of action, *prima facie* well founded, whether called by the name of a proviso or a condition subsequent, it must in its nature be a matter of defense, and ought to be shown in pleading by the opposite party.    In pleading upon statutes, where there is an exception in the enacting clause, the plaintiff must show that the defendant is not within the exemption; but if there be an exception in a subsequent clause, that is a matter of defense, and the other party must show it to exempt himself from the penalty."    Id., 246.

"It is sufficient to state those parts of the contract whereof a breach is complained of, or, in other words, to show so much of the terms beneficial to the plaintiff in a contract as constitutes the point for the failure of which he sues; and it is not necessary or proper to set out in the declaration other parts not qualifying or varying in any respect the material parts above mentioned."    Id., 311.

Judge Gould, in his admirable treatise on the principles of pleading, in chapter 4, states the rules on this subject as follows:

" Section 17. It is never necessary, by the common law, for the plaintiff, in his declaration, to state or in any manner take notice of any condition *subsequent* annexed to the right which he asserts; for the office of such a condition is not to *create* the right on which the plaintiff founds his demand, but to *qualify* or *defeat* it. The condition, therefore, if performed or complied with, furnishes matter of *defense*, which it is for the defendant to plead. Thus, in debt on bond, it is not necessary for the plaintiff, in his declaration, to state or count upon any other than the *penal* part of the instrument, leaving the condition to be pleaded by the *defendant*, if it affords him any defense, as it does if performed; for the penal part of the bond alone constitutes, *prima facie*, a right of action.

" Section 19. It is a general rule that, in declaring upon a deed or other instrument consisting of several distinct parts, the plaintiff is required to state only so much of the instrument as constitutes, *prima facie*, a complete right of action. And, if any other part of the instrument furnishes the means of defeating the action, it is matter of *defense*, of which the defendant may, on his part, avail himself for that purpose.

" Section 20. But, in declaring upon a covenant or upon articles of agreement, an *exception* (if there be any) in the *body* of the covenant, etc., must be set out, and the subject matter of the exception must be excluded from the breach assigned:

" If, then, A. covenants to convey to B. a certain farm except one particular close, B., in an action on the covenant, must state the *exception*, as well as the rest of the covenanting clause; and, in assigning the breach, must aver that A. has not conveyed the farm *except* the one specified close; for the exception enters into the *description of the covenant*, and the corresponding exception in the assignment of the breach is

necessary to show that the breach is within the covenant. If the declaration should set out the covenant to convey the farm, without stating the exception, there would be a *variance;* and if the exception, though stated in the *description* of the covenant, were omitted in the assignment of the *breach,* no breach within the covenant would appear in the declaration, since all the land *not* embraced in the exception might have been conveyed consistently with the truth of such an assignment.

"Section 21. But if A. covenants to convey to B. a certain farm, with a *separate proviso* that on A.'s performing a certain act he shall not be bound to convey one particular close, parcel of the farm, B., in declaring on the covenant, need not take notice of the *proviso;* for it does *not* enter into the description of the covenanting clause on which the action is founded, but is in the nature of a condition *subsequent,* of which A. may avail himself in his defense, if he has performed the act mentioned in the proviso."

Conditions precedent — that is, conditions which must be performed before the agreement of the parties becomes a valid and binding contract — must be alleged in the declaration or complaint, and performance thereof proved by the plaintiff, or he cannot recover on the contract. This rule is elementary. The reason of the rule is, that performance of the condition is a constituent and indispensable part of the right of action. The condition being unperformed, there is not, and never was, any cause of action. Gould on Pl., ch. 4, § 13.

An exception in the body of a covenant must be alleged, and its subject matter excluded from the breach assigned, in order to avoid the consequences of a variance between the averments and proofs, which at common law were serious.

From the foregoing authorities and principles we deduce the proposition, that, while the plaintiff in an action on contract must allege and prove performance of conditions precedent to the existence of the contract (if there are any), and must allege an exception in the body of the contract, and

exclude it from the assignment of the breach of the contract, he is not required to allege conditions subsequent, and prove performance of them. Neither is the plaintiff required to allege mere warranties made by him of existing conditions, and negative a breach of such warranties. These are not conditions precedent, within the meaning of that term as used in the law. A condition precedent calls for the performance of some act or the happening of some event after the terms of the contract have been agreed upon, before the contract shall take effect. That is to say, the contract is made in form, but does not become operative as a contract until some future specified act is performed, or some subsequent event occurs. Hence, it is said, " a condition precedent doth get and gain the thing or estate made upon condition, by the performance of it; as a condition subsequent keeps and continues the estate by the performance of the condition." Jacob's Law Dic., title " Condition."

A warranty is different. Take for example a warranty by the vendor on the sale of a horse, that the animal is sound. That is an undertaking that a certain condition of things exist when the contract is made. In an action by the vendor for the price of the horse, it will not be claimed that he must aver the warranty, and negative the breach of it. If the horse was unsound, it is matter of defense, and must be averred and proved by the purchaser. This is so because the undertaking that the animal was sound is a mere warranty, and not a condition precedent to the validity of the contract. But in a contract for the sale of the horse, absent on a journey, on condition that the animal return safely from the journey, the safe return of the horse is a condition precedent to the existence of the contract of sale, and hence the vendor cannot enforce the contract without averring and proving that the condition has been fulfilled.

We have been referred to no case which holds directly that a warranty of the existence of a certain state of facts at

the time of making a contract, is a condition precedent to the contract; and we are not aware of any rule of law upon which such an adjudication could be upheld.

We have not overlooked the difference in the consequences of a breach of an ordinary warranty that certain facts exist, for which compensation may be made in damages, and of a similar warranty, which, by the terms of the agreement, forfeits the contract; yet we do not think such difference converts the latter class of warranties into conditions precedent. Although a breach of such warranty forfeits the contract, still it lacks an essential element of a condition precedent in that it contains no stipulation that an event shall happen or act be done, after the agreement is made in form, before it shall take effect as a contract. The contract, by its terms, takes effect *in præsenti*, subject to be defeated by proof of the breach of the warranty.

In the light of the rules of law above stated, it was not incumbent upon the plaintiffs to set out in their complaint and prove the contents of the application for insurance, nor to prove in the first instance performance of any of its conditions, or the truth of statements contained therein of existing facts, unless such application contained conditions precedent. The application itself is not preserved in the bill of exceptions, and we can only know what it contains by reference to the pleadings.

It appears from the complaint, that the plaintiff made an application for the insurance, and that the same became a part of the policy and a warranty on their part. Certain conditions of insurance indorsed on the policy are set out in the complaint, only one of which prescribes what the application shall contain. It is as follows : "4. Applications for insurance must specify the construction and materials of the building to be insured, or containing the property to be insured, by whom occupied, whether as a private dwelling or how otherwise, its situation with respect to contiguous buildings, and

their construction and materials, whether any manufactory is carried on within or about it, and, in case of goods and merchandise, whether or not they are of the description denominated *hazardous, extra hazardous,* or included in the memorandum of special rates."

The only averments in the answer relating to the contents of the application are: *first,* that the plaintiffs stated therein that the value of the property on which said insurance was predicated was $22,000; *second,* that the plaintiffs stated therein that the property was encumbered to the amount of $5,000 only; *third,* that the plaintiffs stipulated therein that they " would keep upon and in each story of the said mill building, at all hours and times, about fifty gallons of water, in proper and suitable casks, and at least two pails to each cask, always on hand, ready and in good order;" and *fourth,* that they stated therein that lard and sperm oil were used for lubricating purposes.

The foregoing is all the information which the record gives of the contents of the application. Applying to them the rules above stated, we find therein warranties of existing facts, and also conditions subsequent, or, as they are sometimes termed, promissory warranties, but we fail to find a condition precedent, performance of which must be shown in order to establish the contract.

No extended reference to the cases cited to show that it was incumbent on the plaintiffs to aver and prove in the first instance performance of the conditions in the application, is deemed necessary. The strongest cases in that direction are *Bidwell v. Ins. Co.,* 3 Sawyer (9th Circuit U. S.), 261, and *Bobbitt v. Ins. Co.,* 66 N. C., 70 (8 Am. R., 494). So far as these cases go upon the ground that the plaintiff must aver the whole of the contract, they are sufficiently answered by the above quotations from Chitty and Gould. But it is believed these decisions were made without due regard to the vital distinction between conditions precedent and mere warranties of

existing facts or circumstances, hereinbefore discussed; and a disregard of this distinction has doubtless betrayed some of the late text writers into the use of loose and inaccurate language in respect to the nature and effect of certain conditions in insurance contracts.

The case of *Chapman v. Crooks*, 4 Mich., 159, decided by the supreme court of Michigan (2 N. W. Rep., N. S., 374), was substantially a case of an exception in a grant, by reference to another instrument; and, under one of the rules above stated, it was properly held that the plaintiff should have produced such other instrument in order to determine the extent of the grant.

The refusal of the court to permit counsel for defendant to introduce the application while the plaintiffs were proving their case, or to cross-examine one of the plaintiffs concerning the amount of insurance and incumbrances on the insured property, was not error. This was proper evidence, if offered on behalf of the defendant when proving its case; but the defendant had no right to inject it into the plaintiffs' proofs, in the form of a cross examination or otherwise. As we have seen, these were matters purely defensive, and the burden was with the defendant to prove them.

As was intimated by the late Mr. Justice PAINE, in *May v. Buckeye Ins. Co.*, 25 Wis., 291, it would be intolerable to require the plaintiff, in an action on an insurance policy, in the first instance, to prove affirmatively the truth of every statement usually contained in an application for insurance, of the situation and condition of the property insured. Certainly such has not been the practice in this state, so far as we are advised; and we do not think the bar or courts of the state have ever supposed or understood that the law casts so heavy a burden upon the plaintiffs in such cases.

If the plaintiff be held to show affirmatively the performance of conditions precedent proper, leaving it to the defendant to aver and prove breaches of mere warranties and con-

ditions subsequent, we think the ends of justice will best be promoted. Certainly the practice will be in accord with the settled rules of pleading and evidence.

*By the Court.* — The judgment of the circuit court is affirmed.

A motion for a rehearing was denied May 11, 1880.