Motion to dismiss appeal submitted July 12, decided July 22, 1913.
Argued January 23, decided February 17, 1914.
Rehearing denied March 17, 1914.

## ALLEN *v.* ANGUS.

(133 Pac. 1190; 138 Pac. 1074; 139 Pac. 721.)

**Appeal and Error—Transcript—Filing—Statutes.**

1. Defendants, desiring to appeal from an adverse decree of the Circuit Court of Hood River County, counsel caused notice of appeal to be served, and filed the same March 31, 1913. Eight days thereafter an undertaking on appeal was served and filed, and the transcript was filed in the Supreme Court at Salem, May 15th following. *Held*, that it was not necessary that an authenticated copy of the record should have been forwarded to Pendleton on or before May 5, 1913, at which time and place the next term of the Supreme Court convened after the appeal was perfected.

**Specific Performance—Contracts Enforceable—Conditional Contract.**

2. Where a contract for the exchange of lands provided that it should be void at the option of plaintiffs, unless a pending suit to foreclose a mortgage on one of defendants' tracts should be settled by July 15, 1912, and on July 12th, when nothing had been done toward an adjustment, defendants notified plaintiffs that they would not proceed further with the contract, and on July 13th the money was paid on settlement of the suit, but the motion to dismiss was not filed till July 15th, and not granted till August 5th, the plaintiffs cannot enforce the contract.

[As to certainty in the contract as a requisite for specific performance, see note in 26 Am. Dec. 661. As to specific performance of options, see note in 118 Am. St. Rep. 592.]

From Hood River: WILLIAM L. BRADSHAW, Judge.

Decided July 22, 1913.

ON MOTION TO DISMISS.

(133 Pac. 1190.)

This is a suit by Mary Coburn Allen and Wilbur B. Allen against F. W. Angus and Grace E. Angus for the specific performance of a contract. From a decree in favor of plaintiffs, defendants appeal. Respondents file motion to dismiss appeal.

MOTION DENIED.

*Mr. Ernest C. Smith,* for the motion.

*Mr. George R. Wilbur, contra.*

Mr. Justice Moore delivered the opinion of the court.

1. This is a motion to dismiss an appeal. A decree in this suit was rendered by the Circuit Court of the State of Oregon for Hood River County. Desiring to secure a review of such determination, the defendants' counsel caused to be served a notice of appeal, and filed the same March 31, 1913. Eight days thereafter there was served and filed an undertaking on appeal, and no exceptions were taken to the sufficiency of the sureties thereon. The transcript on appeal was filed in this court at Salem, May 15, 1913, and it is insisted that the authenticated copy of the record of the cause should have been forwarded to Pendleton on or before May 5, 1913, at which time the next term of this court convened, after the appeal was perfected.

The question here presented was considered and determined adversely to the contention of plaintiffs' counsel in the case of *Pringle Falls Electric Power & Water Co.* v. *Patterson,* 65 Or. 474 (128 Pac. 820), and the conclusion thus reached is controlling herein.

It follows that the motion should be denied, and it is so ordered.     MOTION TO DISMISS APPEAL DENIED.

Reversed February 17, 1914.

ON THE MERITS.

(138 Pac. 1074.)

Mr. Justice EAKIN delivered the opinion of the court.

This is a suit for specific performance of a contract for the exchange of certain real estate. The contract, omitting the description of the property, is in the following words:

"This agreement, made in duplicate, this 8th day of July, 1912, by and between Mary Coburn Allen and Wilbur B. Allen, husband and wife, of Hood River, Oregon, first parties, and F. W. Angus and Grace E.

Angus, husband and wife, of Hood River, Oregon, second parties, witnesseth that, for and in consideration of the mutual covenants hereinafter mentioned, first parties have sold and do hereby agree to sell and convey to second parties two certain parcels of land situated in the county of Hood River, State of Oregon, described as follows, to wit: * * The property as above described shall be conveyed to second parties free from all encumbrance except one certain mortgage in the sum of $6,000.00 dated December 28, 1910, with interest at 7 per cent payable semi-annually, which mortgage is recorded in volume 5 on pages 113 and 114, in Record of Mortgages, Hood River County, Oregon, and the property second above described shall be conveyed to second parties free from all encumbrance except a certain mortgage in the sum of $8,000, dated December 28, 1910, with interest at 7 per cent payable semi-annually recorded in volume 5 on pages 115 and 116, Record of Mortgages, Hood River County, Oregon. In consideration hereof first parties will also pay second parties the sum of one thousand dollars ($1,000.00) cash.

"II. In consideration of first parties' performing their covenants hereinabove mentioned, as well as those hereinafter mentioned, second parties will convey to first parties that property situated in the county of Hood River, State of Oregon, described as follows, to wit: * * The last-mentioned property shall be conveyed free of all encumbrance except one certain mortgage in the sum of $6,000.00 due three years after June 1st, 1911, dated June 1st, 1911, and filed in volume 5, on page —, Record of Mortgages, Hood River County, Oregon. Whereas, suit has been instituted to foreclose the mortgage last mentioned and certain negotiations have been made and are intended looking to the withdrawal of said suit by the payment of the interest upon said mortgage and certain other expenses connected therewith. It is therefore mutually understood and agreed that upon the failure of the parties hereto, or either of them, to secure an adjustment of the last-mentioned matter in the manner prescribed then this contract shall become null and void

at the option of first parties. It is understood that said adjustment shall be perfected within time for the performance of this contract, which is hereinafter fixed, otherwise this contract shall then become null and void. Whereas second parties owe interest on a certain mortgage on the property last described above, amounting to approximately $420.00, and a second mortgage amounting to approximately $535, and attorneys' fees in connection with the above-mentioned foreclosure suit of $150.00, and taxes on the property owned by them amounting to approximately $120.00, and, whereas, it is the intention of first parties to furnish second parties enough taken with the said sum of $1,000.00 to be paid to second parties by first parties, to pay said approximate sums and all the sums mentioned in this paragraph, now therefore, it is mutually understood and agreed that first party will furnish to second party all sums taken with said $1,000.00 necessary therefor and that second parties will give to first parties their note for all sums necessary therefor over and above $1,000.00, with interest from July 15, 1912, at the rate of 8 per cent per annum, which shall be duly secured by a mortgage executed by second parties upon the two tracts of land first above described, or by other security, which may be satisfactory and acceptable to first parties. It is mutually understood that said property shall be conveyed by each of the parties hereto by giving sufficient warranty deeds with the usual covenants and that each shall furnish to the other good and sufficient abstracts of title to the property sold. It is further understood and agreed that this contract shall be fully performed on or before the 15th day of July, 1912. It is understood and agreed that each party shall have and take possession of the property purchased and conveyed to them ten days after the closing of this transaction. This agreement is binding upon the heirs, executors, and administrators of each of the parties hereto.

"In witness whereof we have hereunto set our hands and seals this 8th day of July, A. D. 1912."

69 Or.—32

2. It is objected to by the defendants that the contract is not so definite as to be enforceable, for the reason that the writing is only an option to plaintiffs, at least that it was not mutual, in that plaintiffs were not to be bound by the agreement, unless the parties, or one of them, should secure an adjustment of the suit commenced by the Pacific Mutual Life Insurance Company against these defendants, for the accomplishment of which terms had been tentatively agreed upon. The agreement signed by the parties hereto on July 8, 1912, was not an option, but was a conditional contract, namely, the adjustment. and dismissal of the foreclosure suit was a condition precedent. The contract was to be binding upon them only on the condition named; and, if not binding upon the plaintiffs, neither was it binding upon defendants, and, until it became mutual, either party could withdraw from it. On the morning of the 12th of July defendants notified plaintiffs that they would not proceed further with the contract. At that time nothing had been accomplished toward the actual adjustment of the foreclosure suit. On the 13th of July the money was paid upon the settlement of the suit, and probably the motion by the Pacific Mutual Life Insurance Company asking the court to dismiss the suit was drawn, but it is not dated and was not filed in the court until the 15th of July. The order of dismissal was made on the 5th day of August. If the settlement of the suit is deemed to have been irrevocably made on the 13th, that was after defendants had withdrawn from the agreement and terminated their authority to Sims to settle the suit, and plaintiffs were not authorized to proceed further with the contract. It is said in 7 Am. & Eng. Ency. Law (2 ed.), page 117: "A conditional contract is an executory agreement, the performance of which depends upon a condition. It is not simply an executory

contract, since the latter may be an absolute agreement to do, or not to do, something; but it is a contract, whose very existence and performance depend upon a contingency or condition." This language is copied from Story, Contracts, page 31. At page 118 of the first-mentioned compilation appears the following: "A condition which must be performed before the agreement of the parties becomes a valid and binding contract is called a condition precedent." As said in *Redman et al.* v. *Ætna Ins. Co.,* 49 Wis. 431 (4 N. W. 591) : "A condition precedent calls for the performance of some act or the happening of some event after the terms of the contract have been agreed upon, before the contract shall take effect. That is to say, the contract is made in form, but does not become operative as a contract until some future specified act is performed, or some subsequent event occurs": See, also, 2 Parsons, Contracts (9 ed.), 681. There is a discussion of this subject to the same effect in *Nashville & N. W. R. R. Co.* v. *Jones,* 2 Cold. (Tenn.) 574; *Bank of Montreal* v. *Recknagel,* 109 N. Y. 482 (17 N. E. 217).

It is very apparent from the contract that the plaintiffs did not desire or intend to make the trade provided for in the contract, unless the suit commenced to foreclose the mortgage on the lands of defendants was dismissed and the loan allowed to continue until its maturity. Also, as appears from the evidence, defendants objected to executing their deed to plaintiffs until the suit was dismissed.

The decree will be reversed and the suit dismissed.

REVERSED : SUIT DISMISSED.

MR. JUSTICE BEAN, MR. JUSTICE RAMSEY and MR. JUSTICE McNARY concur. MR. CHIEF JUSTICE McBRIDE not sitting.

Rehearing denied March 17, 1914.

ON PETITION FOR REHEARING.

(139 Pac. 721.)

MR. JUSTICE EAKIN delivered the opinion of the court.

The petition for rehearing in this case is based largely upon the contention that the opinion holds the foreclosure suit had not been actually dismissed on July 15th; but counsel misconceive the effect of the decision. We hold that on the 9th of July the minds of the parties had not met as to whether the agreement was satisfactory to either party, and, therefore, it was not a completed contract, and that defendants could withdraw from it before their minds met until all the terms were satisfactory. The negotiations specified in the contract contemplated the withdrawal of the foreclosure suit before the contract should be binding, but either party might withdraw from the contract before the mortgage was adjusted, which was not until the 10th. That was the reason defendants refused, on the 8th, to execute the deed. It is provided in the contract that, in case of failure to secure an adjustment of the mortgage, then the contract shall become void at the option of first parties, and if the suit is not withdrawn by the 15th, then the contract shall be void. The condition precedent to the taking effect of the contract was dependent on a third party, the mortgagee. Subsequent to the withdrawal of defendants from the contract the plaintiffs and Sims proceeded to carry out the contract and to compel defendants to proceed with it, and on the 10th made the adjustment with the mortgagee for the withdrawal of the foreclosure suit; Allen taking a policy of insurance as a condition of a continuance of the loan to the Allens.

In *Clarno* v. *Grayson,* 30 Or. 111 (46 Pac. 426), quoted by counsel, the language is that of Pomeroy

and adopted by the court: "Where the contract is thus conditional, that is, where it rests upon a condition precedent, until the performance of the condition it cannot be enforced, because until that time there is no true contract." And in 7 Am. & Eng. Ency. Law (2 ed.), 118, we find: "A condition which must be performed before the agreement of the parties becomes a valid and binding contract is called a condition precedent." In *Redman* v. *Ætna Ins. Co.,* 49 Wis. 439 (4 N. W. 595), it is said: "A condition precedent calls for the performance of some act or the happening of some event after the terms of the contract have been agreed upon, before the contract shall take effect." The condition precedent of this contract is not one to be performed by defendants, but was an act to be performed by a third party, the mortgagee. The quotation by counsel from 7 Am. & Eng. Ency. Law (2 ed.), 120, to the effect that failure to perform a condition precedent is a breach of the contract, has reference to a condition to be performed by a party to it, and in such a case nonperformance cannot be taken advantage of by him. It has no reference to a case where the condition is the happening of an event not dependent on a party. Here the condition is the willingness of the mortgagee to withdraw and the actual withdrawal of the suit; and the contract not being effective, on the 9th of July, when defendants withdrew from it, either party could withdraw.

The petition is denied.        REHEARING DENIED.

MR. JUSTICE BEAN, MR. JUSTICE McNARY and MR. JUSTICE RAMSEY concur.