## HURT et al. v. NEW YORK LIFE INS. CO.
### No. 400.

Circuit Court of Appeals, Tenth Circuit.
Nov. 2, 1931.

For original opinion, see 51 F.(2d) 936.

Arnold C. Todd and Austin M. Cowan, both of Wichita, Kan., for appellants.

Wm. C. Michaels, of Kansas City, Mo., and Richard E. Bird, of Wichita, Kan. (Michaels, Blackmar, Newkirk & Eager, of Kansas City, Mo., and Louis H. Cooke, of New York City, on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Counsel for plaintiffs contend, in a petition for rehearing, that section 40-330, Kansas Rev. St. 1923, was copied from section 6142, Missouri Rev. St. 1919, and that in our former opinion we erred in not following the construction placed on such statutes by the Missouri and Kansas decisions.

The provisions of the two statutes are substantially the same. We assume therefore that the Kansas statute was taken from Missouri, and that the Kansas legislature, when it passed section 40-330, supra, adopted along with the Missouri statute the judicial construction which had then been placed upon it.

The Supreme Court of the United States, in Northwestern Nat. Life Ins. Co. v. Riggs, 203 U. S. 243, 27 S. Ct. 126, 128, 51 L. Ed. 168, 7 Ann. Cas. 1104, decided December 3, 1906, after reviewing the decisions of the highest court of Missouri interpreting section 6142, supra, said:

"We take it, then, that the statute, if enforced, cuts off any defense by a life insurance company, based upon false and fraudulent statements in the application, unless the matter misrepresented actually contributed to the death of the insured."

The question as to whether a condition precedent was within the provisions of the statute was not considered or decided. The Missouri cases, decided before the enactment of the Kansas statute in 1907, held that innocent misrepresentations, fraudulent misrepresentations and warranties were within the terms of the statute; but did not pass upon the question of whether the word "misrepresentations" included condition precedent. Schuermann v. Insurance Co., 165 Mo. 641, 65 S. W. 723; Kern v. Supreme Council

American Legion of Honor, 167 Mo. 471, 67 S. W. 252; Christian v. Insurance Co., 143 Mo. 460, 45 S. W. 268.

In Salts v. Prudential Ins. Co., 140 Mo. App. 142, 120 S. W. 714, 717, decided June 8, 1909, the St. Louis Court of Appeals said:

" 'A condition precedent calls for the performance of some act or the happening of some event, after the terms of the contract have been agreed upon, before the contract shall take effect; that is, the contract is made in form, but does not become operative as a contract until some future act is performed or some subsequent event occurs.' 4 Ency. Law, p. 627; Redman v. Ins. Co., 49 Wis. 439, 4 N. W. 591, 595. This is the technical definition, but in truth the terms 'warranty' and 'condition precedent' are used interchangeably in insurance law."

This is the first case in Missouri dealing squarely with this question. It was decided subsequently to the passage of the Kansas statute and hence is not controlling here.

In Becker v. Kansas Casualty & Surety Co., 105 Kan. 99, 181 P. 549, cited by counsel for plaintiffs, the court held that untrue answers to questions in the application for insurance concerning the physical condition of the insured were within the misrepresentation statute, but a condition precedent was not involved.

There is a manifest distinction between a condition precedent and a warranty. While a warranty is similar to a condition precedent in the respect that it must be true to avoid a defense on the ground of its breach, it lacks an essential element of a condition precedent in that it contains no stipulation that an event shall happen or an act be done after the contract is made and before obligation shall arise thereunder. A condition precedent in an insurance contract is a condition without performance of which the contract, though in form executed by the parties and delivered, does not spring into life to the extent that a coverage liability attaches; whereas a warranty does not suspend or defeat the operation of the contract, but a breach affords either the remedy provided in the contract or that furnished by the law. Redman v. Ætna Ins. Co., 49 Wis. 431, 4 N. W. 591; Everson v. General F. & L. Assur. Corp., 202 Mass. 169, 88 N. E. 658; Banco De Sonora v. Bankers' Mutual Casualty Co. (Iowa) 95 N. W. 232; Cooley's Briefs on Insurance (2d Ed.), vol. 3, p. 1893.

The Kansas statute by its express terms is limited to "misrepresentations *made in ob-*

*taining or securing* a policy" or contract of insurance. (Italics ours.) It does not include events which must occur or acts which must be done in the future before liability shall arise under such a contract already made. Misrepresentations or warranties may be made to secure a contract. Not so with conditions precedent. They are agreed to, not made, and either occur or are performed to breathe life into a contract or cause obligation to arise thereunder. The phrase, "made in obtaining or securing a policy", is appropriate when used with misrepresentations or warranties, but not when used with conditions precedent.

For these reasons we are of the opinion that the statute does not embrace conditions precedent, and we adhere to our former opinion.