No. 33,219

THE NATIONAL RESERVE LIFE INSURANCE COMPANY, *Appellant*, v. W. E. HUMPHREYS, Administrator of the Estate of Joseph W. Humphreys, Deceased, *Appellee*.

(65 P. 2d 296)

Opinion filed March 6, 1937.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman,* all of Topeka, for the appellant.

*Elfrieda Kenyon,* of Jetmore, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action to cancel an insurance policy on the grounds of misrepresentation and breach of warranty upon which plaintiff relied when it was issued.

On July 2, 1925, the late Joseph R. Humphreys of Hodgeman county applied to the plaintiff company for life insurance in the sum of $2,500. The usual incidents to such a transaction were dispatched and the policy was issued.

On August 5, 1933, Humphreys made application for additional insurance in the sum of $1,000. On a blank form of application prepared by the insurance company he gave certain information touching his occupation, his age and place of residence, and named his mother as beneficiary. This document concluded with a recital that the foregoing *statements* and answers constituted the application, and that they were complete and true and were the basis of the proposed contract for additional insurance. This statement or application was dated and signed August 5, 1933. No medical examination was required, but on August 9, 1933, Humphreys signed a document prepared by plaintiff headed "Health Certificate." It recited that—

". . . since the date of my last statements and/or medical examination in connection with insurance on the life of Joseph R. Humphreys (hereinafter called the applicant) . . . applicant has not undergone any medical or surgical treatment. . . ."

Pursuant to Humphreys' application of August 5 and the health certificate of August 9, plaintiff delivered to him its policy No. 21437 for $1,000, dated August 5, 1933.

A year later this policy lapsed for nonpayment of premium, but on September 10, 1934, it was reinstated on Humphreys' application on the company's regular form, containing the following:

"I hereby certify that since the date of my last medical examination in connection with my insurance under this policy . . . I have not undergone any medical or surgical treatment. . . .

"I hereby agree that the foregoing statements shall be the basis for reinstatement of the above policy, that they shall constitute an addition to and

a part of the application on which the policy was issued, . . . also that if at any time they shall be found to be untrue in any respect, . . . [the company's liability] . . . by reason of the payment of the above and any subsequent premiums on the policy, shall be limited to the aggregate amount of such premiums less dividends, . . ."

On June 3, 1935, Humphreys died. Plaintiff paid the $2,500 policy, but brought this action to cancel the one for $1,000, setting up the application for the insurance, the health certificate, and the application for reinstatement as exhibits.

Plaintiff alleged that the recitals of the health certificate and the application for reinstatement were false; that in 1929, which was nearly four years after he had procured his first insurance policy from plaintiff, he was afflicted with hyperacidity and ulcer of the stomach and had been subjected to a surgical operation for gastric ulcer.

Plaintiff also alleged that it was in reliance on Humphreys' written statements set out above that it issued the policy and reinstated it; that those statements were warranties, and being false it was entitled to the relief prayed for, seeing that the action was brought within the contestable period prescribed by the terms of the policy.

The defendant administrator's demurrer was sustained. The trial court accompanied its decision with a written opinion holding that under critical examination the documents Humphreys signed to obtain the insurance and to have the policy reinstated did not contain any untruthful statement; and that in any event the matter was governed by the familiar provision of the insurance code, G. S. 1935, 40-418, which provides:

"No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable."

Plaintiff's petition did not allege that the malady with which the insured was afflicted in 1929 and for which he had undergone a surgical operation at that time had anything to do with the cause of his death. The petition is altogether silent on the cause of his death; but in the oral argument we were advised that his death was occasioned by pneumonia; and, of course, it is not suggested that the ulcerous condition of Humphreys' stomach in 1929 contributed in the slightest degree to his death by pneumonia in 1935. And so

this court holds unanimously with the trial court that the statute quoted above governs this controversy. A majority of this court also agree with the trial court's conclusion that the health certificate signed by Humphreys on August 9, 1933, did not contain any false statement. He there declared that "since the date of my *last* statements *and or* medical examination . . . applicant has not undergone any medical or surgical treatment." When did he make that last statement? Only four days previously, on August 5, as set out above. Certainly the surgical operation of 1929 had no bearing on the truth or falsity of the recitals of the health certificate when thus technically construed.

The same critical reasoning sustains the trial court's conclusion in respect to the insured's application to have the policy reinstated in 1934. Nothing in the nature of a medical treatment or surgical operation had occurred since the policy lapsed in 1933 to prevent its reinstatement in 1934 on the usual terms. If the policy was valid between the date of its issue, August 5, 1933, and the date it was lapsed for nonpayment of premium, August 5, 1934, we think plaintiff cannot rely on any fair construction of the equivocal language in the application of 1934 to defeat or vitiate its reinstatement.

The diligence of counsel for the litigants has directed our attention to interesting decisions in more or less analogous cases—especially to *Hurt v. New York Life Ins. Co.*, 51 F. 2d 936; id. 53 F. 2d 453, where the circuit court of appeals for the tenth circuit characterized false statements in an application for insurance as conditions precedent which prevented the insurance contract from coming into existence in the first instance, and not mere misrepresentations which might defeat the policy. Whatever that eminent court says is always instructive and usually helpful. Here, however, in plaintiff's petition the alleged false statements in the insured's health certificate and application are alleged to be misrepresentations, not conditions precedent. Moreover, our statute so precisely covers the point that whether the allegedly false statements be characterized as conditions precedent or as misrepresentations, they could not affect the result in this case. (*Newton v. Insurance Co.*, 95 Kan. 427, 148 Pac. 619; *Galloway v. Insurance Co.*, 112 Kan. 720, 725, 212 Pac. 887; *Hayslip v. Insurance Co.*, 112 Kan. 189, 210 Pac. 188. See, also, 32 C. J. 1281-1284.)

The judgment is affirmed.

DAWSON, C. J. (concurring in part and dissenting in part): I think the case is controlled by G. S. 1935, 40-418, as heretofore interpreted by this court. I cannot assent to the highly technical construction of the language in the insured's health certificate—that it merely referred to the statements made in his application four days previously. Fairly considered, I think it referred to his medical examination which occurred about *eight years* previously. We do not approve of an insurance company seeking to escape a just obligation on a subtle refinement of language. When the shoe is on the other foot we should give such subtleties no greater consideration.

THIELE and WEDELL, JJ., join in this qualified concurrence.