No. 22,196.

CARRIE E. BECKER, *Appellee and Appellant*, v. THE KANSAS CASUALTY & SURETY COMPANY, *Appellant and Appellee.*

SYLLABUS BY THE COURT.

1. ACCIDENT AND HEALTH INSURANCE — *Misrepresentation in Obtaining Policy—Construction of Statute.* The statute (Laws 1907, ch. 226, Gen. Stat. 1915, § 5290), which provides in effect that no misrepresentation made in obtaining a policy on the lives of persons shall be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to the contingency on which the policy is to become due, applies to a policy issued by a health and accident insurance company giving indemnity for loss of life by accidental means.

2. SAME. The application for insurance contained statements as to existing physical conditions, and as to things done and that had not been done by the insured "except as herein stated." No exceptions were stated, but the statements were followed by check marks. It is held that the statements so made are to be regarded as positive declarations of fact, and that they constitute a part of the contract of insurance.

3. SAME—*False Statements Affecting Moral Risk May Avoid the Policy.* False representations by the insured which affect the moral risk, such as that he had not applied for or taken out other insurance of the same kind, or that he had never received indemnity for accident or illness, while they cannot be regarded as having directly contributed to the accidental death of the insured, are not within the scope or purpose of the statute mentioned, and are not rendered immaterial by the statute.

· Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed June 7, 1919. Reversed.

*Fred Stanley, Claude C. Stanley, Benjamin F. Hegler, William Morheiser,* and *George L. Siefkin,* all of Wichita, for the appellant.

*Jean Madalene,* of Wichita, for the appellee; *Thomas C. Wilson,* and *Charles B. Hudson,* both of Wichita, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: Carrie E. Becker was the beneficiary in an accident and health insurance policy procured by her husband, Jacob P. Becker, in the Kansas Casualty and Surety Company. He sustained bodily injuries from external, violent,

and accidental means; namely, a gunshot wound, from which he died, and the company having denied liability, this action was brought. The company answered that the statements made by the insured in the application for the policy, which were warranted to be true, were in fact false, and that therefore the policy was void. The case was submitted to the court upon an agreed statement of facts, and it was decided that statements seven, nine and eleven in the application were untrue and would have had the effect of avoiding the policy, but for the provisions of chapter 226 of the Laws of 1907, which provides, in substance, that misrepresentations made in securing a life insurance policy shall not be deemed material unless the misrepresentations shall contribute to the injury or death of the insured. (Gen. Stat. 1915, § 5290.) The court held that this statute rendered the misrepresentations immaterial, as their falsity did not in any way contribute to the death of the insured, and hence judgment was given in favor of the plaintiff. Both parties appeal from the decision, the plaintiff contending that the agreed facts did not support the findings as to the falsity of representations made by the insured, and that the findings were not such as to render the policy void, and the defendant contending that the statute cited did not apply to policies of the kind in question and, even if applicable, did not make the representations immaterial.

The scope of the statute may be first considered. It is contended that in the enactment the legislature had in mind only strict life insurance contracts based upon medical examinations, as well as upon the statements and warranties of the insured. Attention is called to the title of the act which is "An act in relation to life insurance," etc., without mention of health or accident insurance. It will be observed that the act does not purport to be an amendment of the statute relating expressly to old-line life insurance. It is an independent act which contains nothing indicating that its provisions are to apply to any particular kind of life insurance. It provides:

"No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable."

The act is not only independent, but it is general in its terms and covers any policy on the lives of persons who are citizens

Becker v. Surety Co.

of the state. In express terms, the policy provided for "indemnity for loss of life" by accidental means, and the fact that it also provided indemnity for accidental injuries not resulting in death does not take it out of the purview of the act. The defendant agreed to pay insurance on the lives of its policyholders, and the policy is not only within the express terms of the act, but such insurance was manifestly within the contemplation of the legislature which passed it.

In view of the application of the act to such insurance, were the misrepresentations of the insured material and fatal to a recovery by the plaintiff? In the application of the insured he warranted that the statements made were true, and agreed that if any of those made in the schedule of warranties were untrue the policy would be void. Item number seven of the application was:

"I have no insurance in this company and no other accident or health insurance, nor have I any other application therefor pending except as herein stated. ∨."

No exception followed this statement, but in the space left for the answer was the check mark indicated. The statement was untrue, in this, that he had applied for insurance in another health and accident company sixteen days before the application herein was made. No certificate had been received by him from the other company at the time of the application to the defendant company, but a certificate was issued under the former application six days afterwards, and of that application and certificate the defendant had no notice until after the death of the insured.

Item number nine was:

"I have never received indemnity for accident or illness except as herein stated. ∨."

No exception was named, but following the statment was the ∨-shaped check mark. He had received an indemnity of $25 for a bruised knee about ten years before that time from another company.

Item number eleven in the application was:

"I have never been ruptured . . . except as herein stated. ∨."

Nothing in the nature of an exception was written, but in the space for exception or response was a check mark. It was a fact that he had been ruptured about thirty years before the application to the defendant company was made.

In the agreed facts it was stipulated that the application was filled out by the defendant company and signed by the insured, and that the blank spaces therein were filled out by the defendant company, and were also signed by the insured. It is the contention of the plaintiff that the items or statements mentioned were questions which were not answered, as the check marks cannot be regarded as answers or representations of the insured. These items are not interrogative in form, but are declarations; and, there being no exceptions, they must be taken as the representations and warranties of the insured. The trial court held that the statements were not unanswered questions, but were positive and absolute declarations of fact; and doubtless they were so understood by both parties to the contract when the application was signed.

The representations having been made and being untrue, the question arises: Are they rendered innocuous by the statute quoted? Under it the misrepresentations are immaterial unless the matter misrepresented actually contributed to the accidental death of the insured. It is the view of the court that false representations as to a physical condition which was in no way related to the death of the insured, do come within the exemption of the statute, and would not defeat the policy. For instance, an untrue statement that he had never suffered from rheumatism could not be considered as having contributed to accidental death from a gun-shot wound. Statement number eleven is an illustration of that view. The untrue representations that he had never been ruptured were rendered immaterial because the matter of rupture had no relation to the accidental death of the insured and cannot be said to have contributed to it. The court holds that a different rule applies where the facts misrepresented or fraudulently concealed are such as increase the moral risk, and which, if known by the insurer, would probably have prevented the issuance of the policy. Misrepresentations of this character, although they do not directly contribute to the contingency of death, are deemed not to be within the purpose of the statute. Such misrepresentations never can contribute to the contingency insured against, and therefore it is held that the statute does not apply to or render them harmless.

Statement number seven is of the same character. The false representation that he had no accident or health insurance at the time and had no application for such insurance pending, is

Becker v. Surety Co.

not contributing matter, but does not come within the scope and purpose of the statute. It is a material representation, as the company might well have declined the risk upon one who was bargaining for a great deal of such insurance, and that application was so recent that it must have been a conscious, rather than an innocent, misrepresentation.

Statement number nine, to the effect that he had never received indemnity for accident or illness, and which was untrue, falls within the same rule and is deemed to be one of the matters that in no event could have contributed to the contingency against which the insurance was taken, and is not rendered immaterial by the statute.

It is the view of the court that the misrepresentations defeat a recovery by the plaintiff, and therefore the judgment is reversed with directions to enter judgment for the defendant.

JOHNSTON, C. J. (dissenting) : In my view, the statute applies to all misrepresentations made in securing a policy of insurance, except those which the statute itself specifically takes out of its operation. By its terms no misrepresentation made to obtain a policy is material unless the matters misrepresented have actually contributed to the accidental death of the insured. The misrepresentations in question, it is conceded, could not have contributed to his death, and therefore they have become immaterial. Apart from the statute, I am inclined to the opinion that the misstatements are not of the kind to defeat a recovery. As to statement seven, he had no insurance when the application was made; and, while he had applied for insurance, no response had been made to the application for sixteen days, and he therefore had reason to believe that it had been rejected or abandoned. His statement may have been entirely innocent, and good faith in making it is enough. (*Sharrer v. Insurance Co.*, 102 Kan. 650, 171 Pac. 622.)

In statement number nine he said that he had received no other indemnity, when as a matter of fact he had received $25 for a slight injury to his knee. The injury and amount received were trifling in character; and, besides, the occurrence was ten years before the application was made, and may have escaped his memory. Under the circumstances, the statement, although untrue, does not appear to me to be necessarily inconsistent with good faith. However, I think the representations are within the statute and are thereby rendered immaterial.