No. 35,036

DEWEY S. ELLIFF, *Appellee,* v. INTER-STATE BUSINESS MEN'S ACCIDENT COMPANY, *Appellant.*

(109 P. 2d 92)

Opinion filed January 25, 1941.

*Frederick G. Apt,* of Iola, for the appellant.

*Kenneth H. Foust,* of Iola, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is an action on an accident and health policy of insurance. From a judgment in favor of plaintiff defendant appeals.

The policy was issued August 12, 1938. The petition alleged that plaintiff was on the 14th day of August, 1938, working as inspector for the United States government in an engineering department near Elaine, Ark.; that while so working he fell into a stump hole and sustained serious injuries, and that he has been totally disabled from doing any work since the date of his injuries.

The plaintiff made a written application for the policy. The following questions and answers are material:

"7. Are you crippled or deformed in any way? No. Have you any impairment of sight? No. Hearing? No. Have you ever been ruptured? No.

"8. Are you in sound condition mentally and physically? Yes. Have you ever had goiter? No. Are you subject to asthma? No. Are you subject to hay fever? No.

"9. Have you ever had any disease of the stomach? No. . . . Bowels? No.

"9B. Have you ever had any of the following? . . . Rheumatism? No. . . .

"10. What medical attendance have you had in the past ten years and what was the cause and date? None. Name and address of attending physician?

"11. Have you received accident or sickness indemnity? When and for what? From what organization and what amounts? None.

"12. What accident or sickness insurance have you? None.

"18. Do you agree that the falsity of any answer in this application for a policy shall bar the right to recover thereunder if such answer is made with intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company; and that no contract of insurance shall be in force until the policy is actually issued by the Home Office at Des Moines, Iowa? A. Yes."

Defendant in its answer alleged:

"6. That the said plaintiff in utter disregard of the facts in said written application, represented and stated, that he had never suffered any injury, disease, or sickness, as set out by his answers to paragraph 7, 8, 9A, 9B, and 9C, and the questions therein contained, and that said answers thereto were in truth and in fact, false and untrue, and that at the time of the making thereof by the said plaintiff, known to be false and untrue, in this: That the said plaintiff had suffered sickness, injury and ill health for many years prior to the date of said application, and was at said time in poor health and suffering injury, and for which he had received treatment in United States Veterans' hospitals, and had received compensation from the United States therefor and was and had been prior to said date an applicant for veterans' compensation for such condition of health and body. That said false and untrue answers to said questions as aforesaid materially affected the assumption of the risk and hazard assumed by the defendant, and that had the said plaintiff truthfully and correctly answered such questions, that then and in that event, he would not have been eligible to have received such policy or to have been, nor would have been insured by the said defendant."

The case was tried to a jury and answers to special questions were returned, as follows:

"1. Was the policy of insurance sued upon herein issued by the defendant upon the application signed the plaintiff? A. Yes.

"2. If you answer question No. 1 in the affirmative, then state whether or not such application contained the following question and answer: 'What medical attendance have you had in the past ten years, and what was the cause and date?' 'None.' A. Yes.

"3. If you answer question No. 1 in the affirmative, state whether or not such application contained the following question and answer: 'Have you received accident or sick indemnity? When and for what?' 'None.' A. Yes, this man had a leg injury, but was recovered. This was discussed with the insurance agent and the agent thought it not necessary to answer in affirmative.

"4. If you answer question No. 1 in the affirmative, state whether or not such application contained the following question and answer: 'What medical attendance have you had in the past ten years, and what was the cause and date?' 'None.' A. Yes.

"5. Was the policy in question issued by the defendant in reliance upon the answers made to the questions in the application of the plaintiff for such policy? A. Yes.

"6. Did the plaintiff receive any medical treatment during the 10-years period, prior to August 9, 1938? A. Yes, admitted leg injury which agent knew of.

"7. If you answer question No. 6 in the affirmative, then state when and where. A. Yes. Doctor Garlinghouse, Iola, Kan., 1937.

"8. State whether or not the plaintiff received an injury during the year 1937 while he was in the employment of the McIntyre & Travis Oil Company. A. Yes.

"9. If you answer question No. 8 in the affirmative, then state what was the nature of said injury. A. Leg injury.

"10. State whether or not the plaintiff received accident indemnity and compensation for such injury. A. Yes.

"11. State whether or not the plaintiff, within the 10-year period prior to the 9th day of August, 1938, received compensation from the United States government for alleged disability and injury. A. No.

"12. State whether or not the plaintiff received medical examination and treatment at the U. S. Veterans' Hospital at Hines, Ill., within the 10 years prior to August 9, 1938. A. No."

On motion the answers to questions 11 and 12 were set aside. The record shows the following:

"Question 11, to wit: 'No' was not sustained by the evidence and was contrary thereto, and should be set aside, and that there should be substituted by the court for such answer 'No' so set aside the following answer, 'Received compensation for alleged disability only.'

"Question 12, to wit: 'No' was not sustained by the evidence and was contrary thereto, and should be set aside, and that there should be substituted by the court for such answer 'No, so set aside the following answer, 'Plaintiff received medical examination at such hospital but not treatment.'"

Various errors are assigned.

Our statute G. S. 1935, 40-418, provides:

"No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable."

This statute applies to health and accident policies (*Becker v. Surety Co.*, 105 Kan. 99, 181 Pac. 549) and, of course, must be read into the policy sued on in this action.

The statute specifies that no misrepresentation made in obtaining the policy shall be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to injury.

What matters were misrepresented? First, that plaintiff received a foot injury in 1937 which was not set forth in the application.

In answer to special question three, the jury found that the matter of the leg injury was discussed with the insurance agent and the agent thought it not necessary to answer in the affirmative. This finding was supported by the testimony of the plaintiff and the agent Tholen. As the agent was advised of the injury, it could not be said the answer in the application was made with the intention to deceive the company.

The evidence showed that plaintiff had not been under the care of a physician since 1920, except for the injury above mentioned. He had been in the government hospital for observation but had received no medical treatment. While the substituted answer of the trial judge to answers 11 and 12 cannot be accepted as findings of fact by the jury, we cannot ignore the fact that the evidence supports the suggested amendments.

While it is not contended that there is any causal connection between the stomach trouble of plaintiff which started in 1920 (and for which he continued to receive compensation) and his injury received by falling into the stump hole in 1938, the question remains whether his answers to the application questions numbers 11 and 12 were calculated to deceive the defendant. Those questions appear to apply to accident and sickness insurance. But assuming they were broad enough to include the payments received from the government, we are not prepared to say the answers were intended to deceive the company.

Did the answers affect the acceptance of the risk or the hazard assumed by the defendant company? While this issue was pleaded in the answer of defendant above quoted, no testimony was offered by the defendant company. Although the claim manager of the company testified in the case, he did not testify on this issue. It is therefore a matter of speculation whether different answers would have caused a rejection of the application.

Defendant asserts certain instructions did not correctly define the law applicable to the case. It would serve no useful purpose to set out the instructions in this opinion. We have examined the

objections raised and find no error in instructions given by the court nor in refusing the instructions offered by defendant.

As we find no error in the record the judgment must be affirmed. It is so ordered.