395 P.2d 724

**Wilma W. WOOTTON, Plaintiff and Respondent,**

v.

**COMBINED INSURANCE COMPANY OF AMERICA, Defendant and Appellant.**

**No. 10108.**

Supreme Court of Utah.

Oct. 14, 1964.

Christenson, Paulson & Taylor, Ford R. Paulson, Provo, for appellant.

Howard & Lewis, Jackson B. Howard, Provo, for respondent.

WADE, Justice.

Combined Insurance Company of America appeals from a summary judgment rendered by the court in favor of Wilma W. Wootton, respondent herein, who brought an action for payment as beneficiary of a life insurance policy issued by appellant on the life of her husband. Appellant refused payment on the grounds of fraud and misrepresentation by respondent in procuring the issuance of said policy of insurance.

This being an appeal from a summary judgment it will only be sustained if from the pleadings, depositions, affidavits, and admissions it is apparent that there is no genuine issue of fact, and that the judgment should be granted as a matter of law.[1]

From the pleadings, depositions and affidavit it appears that respondent's husband died on December 3, 1962, from injuries sustained when hit by a car as he was crossing a road. On September 24, 1962, appellant had issued to respondent a Hospital

---

1. Kidman v. White, 14 Utah 2d 142, 378 P.2d 898.

or Medical-Surgical Policy for herself and her husband, Harold Wootton and an "Accidental Death Rider" thereto on the life of Harold Wootton in the principal sum of $5,000.

The application for the policy which also applied to the rider is dated September 24, 1962, and is in the handwriting of the insurance agent. This agent had known both respondent and her husband for a number of years and was friendly with both. The agent was aware that respondent's husband had a physical disability since he could see that he walked with a limp. Among the questions asked in the application was one which inquired whether any medical advice or treatment had been received in certain named diseases or "any other sickness, injury or defect." Applicant answered "no" to the named diseases and "yes" to the question of any other sickness, injury, or defect. She there disclosed that her husband had polio when three years of age. In completing the information on this sickness, respondent informed the agent that the polio had left her husband with a slight limp, that his recovery was complete, that he had no recurrence and was not still under a doctor's care, and that the doctor who was in attendance is deceased. She also answered "yes" to the next question which read: "To the best of your knowledge are you and all family dependent members now in good health and free from any physical defect, injury, or disease and are not now under medical care?" The policy issued contained a rider exempting appellant from coverage of Harold Wootton from loss on account of poliomyelitis or residual paralysis.

Respondent's husband had retired from his job in July, 1962, because the work was adversely affecting his weak leg; and a doctor whom he had consulted had advised him that if he continued in his job, he might lose the use of his good leg. In November, 1962, respondent's husband applied for Social Security at the age of 57 on the claim that he was completely and totally disabled.

Appellant contends that it was improper to grant a summary judgment because there is a genuine issue of a material fact which can only be resolved upon trial of this matter on its merits. Appellant argues that the issue to be determined as a matter of fact concerns the intentional misrepresentation with intent to deceive by respondent of her husband's health as revealed by her answers to the questions in her application and by the record.

Unless the misrepresentations in the negotiation for an insurance policy are made with the intent to deceive and "materially affected either the acceptance of the risk or the hazard assumed by the insurer" the insurance contract cannot be avoided.

by an insurance company.[2] Mere falsity of answers to questions propounded are insufficient if not knowingly made with intent to deceive and defraud.[3]

It appears to be appellant's contention that because respondent's husband had consulted a doctor in July, 1962, and had resigned his job that same month and had subsequently in November, 1962, applied for Social Security on the claim that he was completely and totally disabled, respondent had falsely answered questions regarding the state of his health at the time of the application and whether such false answers were wilful with intent to deceive and defraud the insurer under such circumstances is a jury question. We find no merit to such contention.

It should be noted that respondent Mrs. Wootton was originally primarily interested in the hospital and surgical phase of the coverage. The life insurance phase was added as a "rider" to this policy. Respondent in response to the questions asked in the application for such hospital and surgical insurance revealed that her husband had been afflicted with polio when three years of age, the residual effect of which was a slight limp. The agent asking the questions was aware of the physical disability of respondent's husband but had not known what was its cause. Her subsequent answer that to her best knowledge her husband was in good health and free from any physical defect or disease at the time of the application must be taken in conjunction with the disclosure that her husband suffered from a residual physical defect as the result of his childhood polio attack. Viewed in this light it does not appear that respondent misrepresented any fact. What weakness her husband had was due to the residual effect of polio. He had completely recovered from the disease itself and was not under a doctor's care for it. Appellant did not rely on respondent's statement that her husband was completely recovered from polio, because it excluded from coverage under the policy issued any loss sustained on account of disability caused or contributed to by "poliomyelitis or residual paralysis." Having knowledge sufficient to cause it to exclude recovery for any loss which the applicant might sustain due to polio or residual paralysis, there could be no reasonable basis for a finding that respondent had wilfully misrepresented a ma-

2. Sec. 31–19–8, U.C.A.1953.
3. Chadwick v. Beneficial Life Ins. Co., 54 Utah 443, 181 P. 448; New York Life Ins. Co. v. Grow, 103 Utah 285, 135 P. 2d 120; Zolintakis v. Equitable Life Assurance Society, 10 Cir., 97 F.2d 583, 108 F.2d 902; Prudential Ins. Co. of America v. Willsey, 10 Cir., 214 F.2d 729.

terial fact with intent to defraud or deceive appellant.

The failure of respondent to volunteer the information that her husband had resigned his job in July because with the added work his weak leg was being adversely affected cannot reasonably be considered as sufficient evidence upon which to base a finding of intent to defraud. Appellant had sufficient knowledge of the physical disability of respondent's husband to ascertain all the facts it needed as to its extent, if it had deemed it important, by either asking further questions or conducting an investigation; and it cannot blind itself from ascertaining the truth and then claim wilful misrepresentation of the truth on which it relied in order to avoid payment under a policy.[4] This would appear to be especially applicable in the instant case where the accidental death of respondent's husband was not in any way related to his physical defect. From the pleadings, affidavit and depositions it is apparent respondent is entitled to a judgment as a matter of law. The court therefore did not err in granting summary judgment.

Affirmed. Costs to respondent.

HENRIOD, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

---

4. New York Life Ins. Co. v. Strudel, 5 Cir., 243 F.2d 90.