421 P.2d 943

Leon G. PRITCHETT, Administrator of the Estate of Mary H. Pritchett, Deceased, Plaintiff and Respondent,

v.

EQUITABLE LIFE AND CASUALTY INSURANCE COMPANY, a corporation, Defendant and Appellant.

No. 10558.

Supreme Court of Utah.

Dec. 27, 1966.

**280**

Galen Ross, Salt Lake City, for appellant.

John L. Black, Salt Lake City, for respondent.

TUCKETT, Justice.

This is an action brought by the administrator of the estate of Mary H. Pritchett for benefits due under a medical-surgical insurance policy and a family group hospital expense policy issued by the appellant. The trial court found the issues in favor of the respondent and awarded judgment in the sum of $3,513 and costs. From the judgment the appellant insurance company has appealed to this court.

Appellant claims that Mary H. Pritchett misrepresented the state of her health at the time she applied for the policies here in question. The applications for the policies were prepared by the appellant's agent, Nell M. Bailey, at the home of the Pritchetts in Phoenix, Arizona. The policies were issued and the decedent made the premium payments which fell due monthly.

Thereafter, on May 20, 1963, Mary H. Pritchett was admitted to a hospital in Phoenix, Arizona for an exploratory operation. She was discharged from the hospital on June 9, 1963, and thereafter entered the L. D. S. Hospital in Salt Lake City, and was in said hospital a total of 98 days between the time of entry and her death, which occurred January 12, 1964. Mrs. Pritchett's condition was diagnosed as a generalized cancer from which she eventually died. The primary lesion was never found.

The application for the medical-surgical policy contained the following question: "Have you, or any member of your family group to be insured, received medical or

surgical advice or treatment within the past three years?"

The following answer was given: "2–28–62. Food poisoning. Completely O.K.,"

The answers also listed the treating physician and his address.

The application for the "family group hospital expense" policy contained a question which asked whether applicant ever had any of a large list of diseases and ailments. In answer to the question a reference was made to the food poisoning incident.

Dr. Vernon L. Stevenson, the Salt Lake surgeon, testified as to the prior medical history of Mary Pritchett. He stated that on November 24, 1951, he operated on Mrs. Pritchett for a duodenal ulcer, and that she made a complete recovery from this operation. The Doctor further testified that in 1956 he operated on Mrs. Pritchett for the removal of her gall bladder, and that she made a complete recovery from that operation. He stated further that from that time on until February of 1962, Mrs. Pritchett was well and had no medical problems, when she developed a gastroenteritis from a food-poisoning episode. The Doctor testified that on May 27, 1962, he performed a surgical procedure upon Mrs. Pritchett which relieved the condition occasioned by the food-poisoning incident.

In connection with the latter operation he also performed an exploratory operation and at that time made a determination that there was no cancer present.

There was testimony in the record indicating that a full disclosure of the decedent's prior medical history was made to Nell Bailey, the appellant's agent, and that the agent used her own discretion as to information to be included in the applications.

The court made findings to the effect that Mrs. Pritchett had failed to make a full disclosure of all her medical history on the application submitted to the company. The court also found that Nell M. Bailey, agent for appellant, was aware that a full disclosure had not been made and had encouraged Mrs. Pritchett not to include complete information as to prior illnesses. The court further found that had a full disclosure been made to the insurance company, the company would have attached a rider to the policy excluding diseases of the alimentary canal, but that such a rider would not have excluded coverage from the ailment for which Mrs. Pritchett was hospitalized, that is, a cancer of undisclosed or unknown origin. The court concluded that the concealments complained of were not material to the risks assumed by the appellant. With this we agree.[1]

1. Section 31–19–8, U.C.A.1953 (prior to 1963 amendment). Farrington v. Granite State Fire Ins. Co., 120 Utah 109, 232 P.2d 754; New York Life Ins. Co., v. Grow, 103 Utah 285, 135 P.2d 120.

The findings of the court were based on substantial evidence and will not be disturbed here.[2]

The judgment is affirmed. Costs to respondent.

CROCKETT and CALLISTER, JJ., and A. H. ELLETT, District Judge, concur.

HENRIOD, C. J., having disqualified himself, did not participate herein.

McDONOUGH, J., heard the arguments but died before the opinion was filed.

**2.** Seamons v. Anderson, 122 Utah 497, 252 P.2d 209; Buckley v. Cox, 122 Utah 151, 247 P.2d 277; Jensen v. Gerrard, 85 Utah 481, 39 P.2d 1070.