No. 44,614

Albert E. Martin, *Appellant*, v. Mutual of Omaha Insurance Company, a Corporation, *Appellee*.

(422 P. 2d 1009)

Opinion filed January 21, 1967.

*John William Mahoney*, of Kansas City, argued the cause, and *David W. Carson*, *John K. Dear*, *Ernest E. Yarnevich*, *Joseph T. Carey* and *John H. Fields*, all of Kansas City, were with him on the briefs for the appellant.

*John C. Thurlo*, of Kansas City, Missouri, argued the cause, and *John J. Jurcyk, Jr.*, and *Robert D. Benham*, both of Kansas City, and *Henry G. Eager* and *John J. Kitchin*, both of Kansas City, Missouri, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This appeal stems from a controversy over the answers to questions in an application for health and accident insurance.

The facts may be briefly summarized.

In 1959 the plaintiff applied for and was issued a health and accident insurance policy by the defendant, The Mutual of Omaha Insurance Company. In 1961 the plaintiff incurred doctor and hospital bills in the amount of $566.55 for removal of cataracts from his eyes. The defendant refused to pay the expense of the operation because of alleged misrepresentations of plaintiff in the application for the policy.

Plaintiff filed an action in the city court where he recovered judgment. The case was appealed to the district court. It found:

"That there is no evidence of any connection between diabetes or any of its related illnesses and cataracts.

"In the application for the said policy of insurance, the question is asked: 'Have you . . . ever had, or been told that you had, or received advice or treatment . . . diabetes?' That question is answered, 'No.'

"Although it is not established that the plaintiff had been told that he had diabetes, the overwhelming weight of the evidence is that plaintiff did have diabetes and that he had received advice or treatment for diabetes and that the answer 'no' was incorrect."

The court further found that there was no intent on the part of plaintiff to defraud the defendant in giving his answers, but concluded:

"That the false answer did materially effect both the defendant company's acceptance of the risk and the hazard it thereby assumed."

The trial court applied the provisions of G. S. 1961 Supp., 40-2205 (C) and entered judgment for defendant, hence this appeal by plaintiff.

We are confronted with the simple question of which statute dealing with misrepresentations in an application for insurance applies to the facts presented.

In 1927 the legislature passed what is commonly referred to as the Insurance Code. The code consisted of seventeen articles covering various types of insurance. Article 4 pertained to life insurance and contained the following provision:

"No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable." (Now K. S. A. 40-418.)

A somewhat similar provision had previously been in effect. (R. S. 1923, 40-330.)

The article covering health and accident insurance contained no similar provision. This court, therefore, held that insofar as health and accident policies provided for "indemnity for loss of life" by accidental means such policies were within the purview of the section above quoted. (*Becker v. Surety Co.*, 105 Kan. 99, 181 Pac. 549; *Elliff v. Inter-State Business Men's Acc. Co.*, 153 Kan. 177, 109 P. 2d 92.)

The law so remained until 1951, when the legislature adopted the Uniform Policy Provisions for health and sickness insurance. This statute contained its own provision for false statements in the application for insurance, which read:

"The falsity of any statement in the application for any policy covered by this act may not bar the right to recovery thereunder unless such false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer." (G. S. 1961 Supp., 40-2205 [C].)

The last quoted provision was in effect when the answers to the questions in the application for insurance were given, when the policy now in dispute was written and when the hospital and medical expense occurred under the provisions of the policy.

G. S. 1961 Supp., 40-2205 (C) was amended in 1963 to read as follows:

"The falsity of any material statement in the application for any policy covered by this act may not bar the right to recovery thereunder or render the policy void unless the false statement has actually contributed to the contingency or event on which the policy is to become due and payable." (K. S. A. 40-2205 [C].)

The 1963 amendment brought the effect of false statements made in the application for health and accident insurance in harmony with the provision pertaining to life insurance. It may be noted that a proviso was added in 1965 which is not material to the issue before us.

The appellant suggests that the change of language in 40-2205 (C) from "affecting the risk or hazard assumed" to "contributed to the contingency or event on which the policy is to become due and payable" is purely directory as to interpretation and not a change in substantive law. He further argues that the 1963 amendment (K. S. A. 40-2205 [C]) is a rule of construction which should have been applied by the trial court when it determined the litigation in 1965, regardless of the fact the policy was written in 1959, and the loss occurred in 1961.

We cannot agree with appellant's suggestion. The phrases used in the original statute and the amendment are much too dissimilar in purpose and effect for one to be an interpretative construction of the language of the other.

The 1951 statute related to facts necessary to enable the insurance company to determine the risks covered and what premiums to be charged, i. e., "the risk or hazard assumed." The 1963 amendment related to the falsity of the statement to the "contingency or event on which the policy is to become due and payable."

We are forced to conclude, as did the trial court, that the false answer did materially affect the appellee's acceptance of the risk and the hazard it assumed. Under the provisions of G. S. 1961 Supp., 40-2205 (C) in existence at the time the application was made, the policy was issued and the loss occurred, the falsity of the statements in the application for health and accident insurance barred the right of recovery under the policy.

The judgment is affirmed.

APPROVED BY THE COURT.

FATZER, J. concurring and dissenting: While I agree with the court's conclusion that the Uniform Policy Provisions for health and sickness insurance adopted by the legislature in 1951 (G. S. 1961 Supp., 40-2205 [C]), is the controlling statute under the facts and circumstances presented, I cannot agree that the district court's findings of fact warrant or support its conclusion of law, "That the false answer did materially affect both the defendant company's acceptance of the risk and the hazard it thereby assumed." While the evidence was clear the plaintiff had diabetes, it was not clear at all that his condition had reached the stage where he thought he had diabetes, and the defendant company produced no evidence to establish he had been told he was a diabetic. Be that as it may, the district court's findings of fact warrant the entry of judgment for the plaintiff.

In Finding of Fact No. 5, the district court stated, ". . . there is no evidence of any connection between diabetes or any of its related illnesses and cataracts." Finding of Fact No. 9 reads:

"Had the answer to the question in the application about diabetes been 'yes,' the defendant company would not have issued the policy in the form it did issue it, but that it would have issued a policy identical with that which was issued except that there would have been a specific exclusion endorsement whereby there would be no benefits payable under the policy for diabetes and related illness."

Under the district court's Finding of Fact No. 9, the defendant company would have simply issued an identical policy with that which was issued except it would have excluded benefits payable under the policy for diabetes and related illnesses. It is clear to me such a finding would not materially affect the defendant company's acceptance of the risk and hazard it assumed for cataracts.

As indicated, the district court's conclusion of law as to the materiality of the plaintiff's representation is not supported by its findings of fact. I would reverse the judgment and direct that the plaintiff recover the amount he incurred for doctor and hospital bills for the removal of cataracts from his eyes.