**PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Plaintiff and Respondent,**

v.

**Jamshid MARDANLOU, Defendant and Appellant.**

**No. 16126.**

Supreme Court of Utah.

Feb. 13, 1980.

D. Sanford Jorgensen of Mooney, Jorgensen & Nakamura, Salt Lake City, for defendant and appellant.

4. Utah Code Ann., Sec. 78–4–11 (Supp.1978).

Allan L. Larson of Snow, Christensen & Martineau, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

This is an action by plaintiff for declaratory relief pursuant to § 78–33–1, et seq., Utah Code Annotated, 1953, seeking to render void and have rescinded a renter's (homeowner's) policy because of material misrepresentations made by the defendant when applying for said insurance. After a non-jury trial, the District Court of Salt Lake County determined that the policy of insurance was void, rescinded the policy, and entered a judgment providing that plaintiff was relieved from any further obligation to the defendant, who appealed. Affirmed. Costs to plaintiff.

The facts here are in dispute but as briefly recited below were determined by the District Court:

In October, 1975, the defendant applied for and received a binder of homeowner's insurance from Aetna Insurance Company. A few days later he reported a burglary and the loss of $8,600.00 of personal property. He later made claim against Aetna Insurance Company. Aetna canceled his insurance policy and later compromised his claim for approximately $5,000.00. Defendant knew he had been canceled by Aetna. Less than one year later, on October 6, 1976, defendant applied for a similar policy of insurance with the plaintiff whose agent asked him certain questions, and based upon defendant's responses the agent completed an application which the defendant signed. The agent asked him about prior losses, prior insurance, and whether he had ever had a cancellation. Defendant did not disclose to the agent that he had been insured by and/or canceled by Aetna. He disclosed that he had been burglarized at his previous apartment, but stated that the items taken had only nominal value. Defendant further failed to disclose yet another burglary loss which occurred within the previous three years while he was living in California. Defendant had ample opportunity to review the application but did not advise the agent of the inaccuracy of the statements regarding prior insurance or prior losses. In reliance upon the information furnished by defendant the agent bound coverage and subsequently a policy was issued by the plaintiff. Approximately ten days later defendant sustained a loss on account of a mysterious fire and made claim against the plaintiff. The general underwriting policies and guidelines of plaintiff, particularly those written instructions given to agents, prohibit an agent from binding coverage when an application has been canceled within the last year. And finally, if the truth had been known to plaintiff, it would not have insured the defendant.

The Court further found that defendant knowingly, wilfully, and intentionally concealed facts from the plaintiff with the intent to deceive and defraud plaintiff and to induce it to issue a policy of insurance.

Defendant's points on appeal are:

■ 1. There is insufficient evidence from which the Court could infer that there was any intentional or wilful misrepresentation made on the application to plaintiff or that any misrepresentation was material to the acceptance of the risk or to the hazard assumed.

■ 2. The District Court refused to apply an industry standard in determining the materiality of any misrepresentations.

As to the first point, our review of the record discloses that the District Court's findings are based upon substantial and competent evidence, and further that the evidence does not clearly preponderate against the findings.[1] And certainly the Court's findings and conclusions are consonant with Utah's pertinent statute, § 31–19–8, Utah Code Ann., 1953, as amended, which in essence prevents recovery by an insured where misrepresentations, omissions, concealment of facts and incorrect statements by an applicant for insurance are fraudulent, material to acceptance of

---

1. *Maytime Manor, Inc. v. Stokermatic, Inc.*, Utah, 597 P.2d 866 (1979).

the risk, or, if the true facts had been known by the insurer, it would not have issued the policy.

Defendant's second point, that the Court refused to apply an industry-wide standard in determining whether the misrepresentations were material to the acceptance of risk is likewise without merit. In the cases of *Burnham v. Banker's Life & Casualty Co.*, 24 Utah 2d 277, 470 P.2d 261 (1970) and *Moore v. Prudential Insurance Company of America*, 26 Utah 2d 430, 491 P.2d 227 (1971), we stated that the materiality of a misstatement on an insurance application is a question of fact to be determined by the jury on the basis of an industry standard and not upon the insurer's assertion, made with the advantage of hindsight, that it would not have issued a policy had it known the truth.

But *Burnham* and *Moore* both involved the applicant's failure to disclose facts of his prior medical history when applying for life insurance. Neither case involved, as here, prior *insurance* history, nor a finding of actual fraud on the part of the applicant in concealing those facts. A majority of other courts, in determining this specific issue, have held that the concealment of a prior cancellation of similar insurance by a different insurance company is a matter material to the acceptance of the risk by the second company as a matter of law, when the cancellation is due to reasons other than non-payment of premiums. *North American Accident Insurance Co. v. Tebbs*, 107 F.2d 853 (10th Cir. 1939); *Robinson v. National Auto & Casualty Ins.*, 132 Cal. App.2d 709, 282 P.2d 930 (1955); *Violin v. Fireman's Fund Ins. Co.*, 81 Nev. 456, 406 P.2d 287 (1965).

The fact that a competitor has refused or declined similar coverage is an essential element in estimating the risk, and is therefore material to its acceptance. See *Beardon v. Countryside Casualty Co.*, 352 S.W.2d 701 (Mo.App.1961). We are persuaded by this reasoning, and hold that the District Court did not err in refusing to admit evidence of the industry standard, as this concealment was material to the plaintiff's acceptance of this risk.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.