Anna Marie BERGER, personally, and Anna Marie Berger, as Personal Representative of the Estate of David V. Berger, Deceased, and Anna Marie Berger, as Guardian Ad Litem of Valerie Berger, Jennifer Berger, and David Berger, Plaintiffs and Appellants,

v.

The MINNESOTA MUTUAL LIFE INSURANCE COMPANY OF ST. PAUL, MINNESOTA; Utah Mortgage Loan Corporation of Logan, Utah; and Tracy J. Lee, personally, Defendants and Respondents.

No. 19312.

Supreme Court of Utah.

July 22, 1986.

Mark S. Miner, Salt Lake City, for plaintiffs and appellants.

John Snow, Michael Emery, Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiff Anna Marie Berger appeals from the judgment entered on a jury verdict that denied her recovery of the proceeds of her husband's credit life insurance policy issued by defendant Minnesota Mutual Life Insurance Co. ("Minnesota Mutual"). Minnesota Mutual declined coverage under the policy, claiming that plaintiff's deceased husband materially misrepresented his medical condition when he submitted his insurance application form.

In a 1974 preemployment physical examination at Kennecott Copper Corporation, David Berger was diagnosed as afflicted with mild diabetes mellitus. The physician discussed with Berger the diabetes tests given him and any past family history of the disease. Medication was prescribed for Berger, and the doctor noted that the diabetes could be controlled as long as Berger continued with prescribed medication and dietary restrictions. When Kennecott was advised that Berger's diabetes could be controlled if treated, Berger was hired by the company.

On subsequent occasions between 1975 and 1979, Berger had several contacts with medical clinics and doctors who examined and discussed his diabetic condition and medication. In connection with another employment physical in June 1976, Berger listed his diabetes on his medical history form. There was also evidence that he often ignored the medication and dietary restrictions imposed to control his diabetes, which required more extensive medical treatment for his condition.

In April 1979, Berger applied for and received group credit life insurance from Minnesota Mutual to satisfy his home mortgage in the event of his death. On the insurance application concerning his medical history, he wrote that in the past three years he had only consulted with a physician regarding an earache and sore throat and that he had never been treated for or advised that he had diabetes. The jury found these representations to be false but not fraudulently made.

In February 1981, Berger was admitted to the hospital to bring his diabetes under control. A few weeks after his release, on March 8, 1981, he died of an acute codeine overdose. When a claim was made on the life policy, Minnesota Mutual undertook an independent investigation of the death. Discovering the preexisting diabetic condition, the insurer refused payment under its policy, claiming that the misrepresentation on the policy application was material to Berger's insurability and that Minnesota Mutual would not have issued the policy had the truth been disclosed at the time the application for insurance was made.

Under our statute enacted in 1963, a misrepresentation, omission, or concealment of facts shall not prevent recovery under an insurance policy unless:

(a) fraudulent; or

(b) material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

(c) the insurer in good faith either would not have issued the policy, ... or would not have issued ... a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

U.C.A., 1953, § 31–19–8(1) (1974 ed.).[1] The statutory alternatives are stated in the disjunctive, not the conjunctive. In order to invalidate a policy because of a misrepresentation by the insured, an insurer need prove applicable only one of the above provisions. *Cf. Prudential Property & Casualty Insurance Co. v. Mardanlou,* 607 P.2d 291 (Utah 1980).[2]

The court submitted the matter to the jury under instructions setting forth the alternative provisions of section 31–19–8(1). Responding to special interrogatories, the jury found, inter alia, that:

  a.  David Berger failed to disclose to Minnesota Mutual that he had been treated for and/or advised that he had diabetes;

  b.  David Berger's diabetic condition was material either to the acceptance of the risk or the hazard assumed by Minnesota Mutual under the policy;

  c.  Had David Berger disclosed his diabetic treatment, Minnesota Mutual, in good faith, either would not have issued the policy, or would not have issued the policy at the same rate or in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

  d.  David Berger's diabetes did not cause or contribute to his death.

  e.  The plaintiff was not entitled to recover on the policy.

Consistent with these findings, the trial court entered judgment for defendants, voiding the policy.

On appeal, we view the record in a light most favorable to the jury's findings and special verdict, which are entitled to a presumption of validity and will not be disturbed if supported by substantial evidence. *Stanger v. Sentinel Security Life Insurance Co.,* 669 P.2d 1201 (Utah 1983); *Williams v. State Farm Insurance Co.,* 656 P.2d 966, 968 (Utah 1982). We find a reasonable basis in the evidence to support the jury's verdict. *Moore v. Prudential Insurance Co. of America,* 26 Utah 2d 430, 491 P.2d 227 (1971).

Regardless of section 31–19–8, plaintiff claims that our prior decisions require that in order to defeat coverage, a misrepresentation by an insured must be made with a knowing and willful intent to deceive.[3] However, our prior cases, cited by plaintiff to support this requirement, were decided under the statute which existed prior to 1963 and which allowed avoidance of a policy only if the misrepresentations materially affected the acceptance of the risk assumed *and* were made with an intent to deceive. *See* U.C.A., 1953, § 31–19–8 (repealed 1963 Utah Laws ch. 45, § 3).

▮ When a statutory defense is asserted, a defendant is entitled to rely upon the language of the existing statute for the requisite elements of that defense.[4] The jury was properly instructed regarding the statutory elements required to determine

1.  This section has now been replaced with the recodification of the Utah Insurance Code, effective July 1, 1986, Utah Laws ch. 242, § 26; U.C.A., 1953, § 31A–21–105 (Supp.1985).

2.  Our statute is essentially identical to Okla.Stat. tit. 36, § 3609 (1981), and Idaho Code § 41–1811 (1977 ed.), *see Industrial Indemnity Co. v. United States Fidelity & Guar. Co.,* 93 Idaho 59, 454 P.2d 956, 959 (1969). Similar provisions regarding the materiality of a misrepresentation are also found in other states' statutes, *e.g.,* Ill.Rev. Stat. ch. 73, § 766 (1965), Or.Rev.Stat. § 743.-042(1) (1984); Colo.Rev.Stat. § 10–8–111(2) (1973). *But compare* Ariz.Rev.Stat.Ann. § 20–1109 (1975 ed.), where the identical provisions are held to be in the conjunctive and an insurer must show all three conditions. *Keplinger v.*

*Mid-Century Ins. Co.,* 115 Ariz. 387, 565 P.2d 893 (App.1977).

3.  *Marks v. Continental Casualty Co.,* 19 Utah 2d 119, 427 P.2d 387 (1967); *Pritchett v. Equitable Life & Casualty Ins. Co.,* 18 Utah 2d 279, 421 P.2d 943 (1966); *Wootton v. Combined Ins. Co. of Am.,* 16 Utah 2d 52, 395 P.2d 724 (1964); *Chadwick v. Beneficial Life Ins. Co.,* 54 Utah 443, 181 P. 448 (1919).

4.  Our recent decision in *Fuller v. Director of Finance,* 694 P.2d 1045 (Utah 1985), is inapposite to our interpretation of current section 31–19–8 since that case involved insurance coverage under our workers' compensation statutes, and no claim or defense under this statute was asserted either on appeal or in the trial court.

whether the misrepresentation was sufficient to avoid the policy.

■ The evidence supports the conclusion that, although not fraudulent, Berger's concealment of his diabetic condition was knowing and intentional. The misrepresentation was not merely considered as an expression or representation of his general health condition, but was a falsehood and a concealment of a significant medical illness. *See* 43 Am.Jur.2d *Insurance* § 1055, at 1059–61 (1982).

■ We also reject plaintiff's second argument, that in order for the misrepresentation to be material, the insurer must prove that the fact misrepresented resulted in the insured's death. Again, plaintiff relies upon decisions under our prior statute. Under our present statute, a misrepresentation may prevent recovery under an insurance contract when it is material to the risk of death assumed by the insurer. There is substantial evidence to support the jury's verdict that Berger's diabetic condition was material to his insurability and to the acceptance by Minnesota Mutual of the risk of death. The materiality of a fact misrepresented or withheld is determined by the probable and reasonable effect that a truthful disclosure would have had upon the insurer in determining the advantages of the proposed contract. *Holz Rubber Co. v. American Star Insurance Co.*, 14 Cal.3d 45, 533 P.2d 1055, 1065 (1975).[5]

■ Because the materiality of a misrepresentation by the insured is determined by the extent to which it initially influenced the insurer to assume the risk of coverage, materiality is measured at the time that the risk is assumed and not at the subsequent death. *Howard v. Aid Association for Lutherans*, 272 N.W.2d 910 (Minn.1978). Therefore, the misrepresentation in an insurance application may be material if it diminishes the insurer's opportunity to determine or estimate its risk. *Prudential Insurance Co. of America v. Anaya*, 78 N.M. 101, 428 P.2d 640 (1967). By withholding facts relevant to his insurability, the decedent prevented Minnesota Mutual from appraising its risk on the basis of the facts as they truly existed at the time the contract was made.

■ According to the medical testimony, diabetes is associated with an acceleration of arthrosclerosis and heart and circulatory complications, resulting in a lower average life expectancy. There is also a greater risk of dangerous side effects from the controlling medication, particularly when used with alcohol and codeine. A finding that Berger did not die from diabetes does not necessarily determine the immateriality of the misrepresentation. Because the materiality of a misrepresentation is related to the insurer's willingness to initially accept the risk, the ultimate cause of death may be a factor considered by the jury, but is not of itself necessarily determinative.[6] Other jurisdictions have also held that the concealment or misrepresentation by the insured of a diabetic condition is material to the risk assumed by the insurer, even though the insured's death or injury results from other causes.[7]

---

5. *See also Hatch v. Woodmen Accident & Life Co.*, 88 Ill.App.3d 36, 42 Ill.Dec. 925, 928, 409 N.E.2d 540, 543 (1980); *Mayflower Ins. Exch. v. Gilmont*, 280 F.2d 13, 17 (9th Cir.1960); 7 *Couch on Insurance 2d* § 35:79 (Rev. ed. 1985); 43 Am.Jur.2d § 1058, at 1062–64 (1982); cases cited in note 4, *infra*.

6. *Mutual Benefit Health & Accident Ass'n v. Marsh*, 60 Ga.App. 431, 4 S.E.2d 84 (1939); *Jessup v. Franklin Life Ins. Co.*, 117 Ga.App. 389, 160 S.E.2d 612 (1968); *Campbell v. Prudential Ins. Co. of Am.*, 15 Ill.2d 308, 155 N.E.2d 9 (1959); *Hatch v. Woodmen Accident & Life Co.*, 42 Ill. Dec. 928, 409 N.E.2d at 543; *Howard v. Aid Ass'n for Lutherans*, 272 N.W.2d at 910; *Pruden-tial Ins. Co. of Am. v. Anaya*, 78 N.M. 101, 428 P.2d 640 (1967); *Day v. Mutual of Omaha Ins. Co.*, 534 S.W.2d 859 (Tenn.App.1976); 7 *Couch on Insurance 2d* § 37:110 (Rev. ed. 1985); 1A Appleman, *Insurance Law and Practice* §§ 244–45 (1981), and cases cited therein.

7. *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652 (9th Cir. 1984); *Martin v. Mutual of Omaha Ins. Co.*, 198 Kan. 135, 422 P.2d 1009 (1967); *Formosa v. Equitable Life Assurance Soc'y of the United States*, 166 N.J.Super. 8, 398 A.2d 1301 (1979); *Rhodes v. Metropolitan Life Ins. Co.*, 172 F.2d 183 (5th Cir.), *cert. denied*, 337 U.S. 930, 69 S.Ct. 1495, 93 L.Ed. 1738 (1949).

The materiality of the misrepresentation in this case was for the jury to determine on the basis of what a reasonable and prudent insurer would do in the industry. *Moore v. Prudential Insurance Co. of America,* 26 Utah 2d 430, 491 P.2d 227 (1971). The evidence was unrebutted that a truthful representation by Berger of his diabetic condition would have caused rejection of this type of credit life policy. *See Sentry Indemnity Co. v. Brady,* 153 Ga.App. 168, 264 S.E.2d 702 (1980). The jury was entitled to conclude that Minnesota Mutual's practice to deny group life insurance to applicants with diabetes was reasonable and prudent. Therefore, we decline to disturb the jury's determination that the misrepresentation by the insured was material to the risk of death assumed by Minnesota Mutual and that it would not have issued the policy to Berger under truthful circumstances.

Finally, plaintiff argues that defendants (including Utah Mortgage Company and the insurance agent) are estopped from denying coverage because of alleged violations of the insurance code and their failure to investigate decedent's medical history.

The issue of estoppel, although alleged in plaintiff's complaint and argued below, was not properly submitted to the jury in any instruction. Plaintiff has not claimed any error in the failure of the trial court to submit a proper jury instruction and does not direct our attention to any instruction properly proffered on the issue. Therefore, we conclude that any legitimate argument on these matters was not properly presented below to the trier of fact. We do not consider the claim for the first time on appeal.

The verdict and judgment below in favor of defendants are affirmed.